**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID THOMAS,                         :
                                      :    Civil Action No. 07-4521 (JBS)
            Plaintiff,                :
                                      :
      v.                              :    **OPINION**
                                      :
PETER J. BARNES,                      :
                                      :
            Defendants.               :

**APPEARANCES**:

    DAVID THOMAS, Plaintiff Pro Se
    # 208898/329346B
    Riverfront State Prison
    P.O. Box 9104
    Camden, New Jersey 08101

**SIMANDLE**, District Judge

    Plaintiff David Thomas, currently confined at the Riverfront State Prison in Camden, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Plaintiff initially submitted his Complaint without a complete application to proceed in forma pauperis ("IFP").  On September 27, 2007, this Court issued an Order denying plaintiff's IFP application without prejudice, and administratively terminating the action.  The Order also gave plaintiff thirty (30) days to submit a complete IFP application with his prison account statement and affidavit of indigency if he wished to re-open his case.

On October 3, 2007, the Clerk's Office received plaintiff's complete IFP application with his six-month prison account statement, with a request that his case be re-opened.  On October 16, 2007, plaintiff submitted another Complaint, which was docketed as Thomas v. Barnes, Civil No. 07-4959 (RMB).  Because this new Complaint was essentially duplicative of the instant matter, the new action was administratively terminated and docketed in this case as an amendment.  On October 31, 2007, this Court issued an Order re-opening the case in order for the Court to entertain plaintiff's application for pauper status and to screen the initial Complaint and amendment pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

It appearing that plaintiff qualifies to proceed in forma pauperis, the Court will grant plaintiff's application to proceed as an indigent and will direct the Clerk of the Court to file the Complaint without prepayment of fees.

Having reviewed the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief, the Court concludes that this action should be dismissed.

I.  BACKGROUND

The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of plaintiff's allegations.

Plaintiff Dave Thomas ("Thomas") names Peter J. Barnes, Chairman of the New Jersey State Parole Board ("NJSPB"), as a defendant in this matter. Thomas alleges that his initial future eligibility term ("FET") before parole was set at 15 months. On February 27, 2007, the Parole Board Panel established a second FET of 23 months. Thomas contends that this second FET of 23 months is contrary to state policy and procedure found in N.J.A.C. 10A:71-7.17(b).[1] He also claims that he has a cause of action under 42 U.S.C. § 1983 because the defendant was acting under color of state law when he denied plaintiff's procedural due process rights.

---

[1]  N.J.A.C. 10A:71.7.17 pertains to Board Panel action scheduling FET dates upon revocation of parole for inmates who have violated parole before October 17, 1994. Section (b) provides an FET of twelve months for an adult if the parole violation was based on failure to report, owning or possessing a firearm or other weapon, failure to refrain from use or possession of a controlled dangerous substance, or failure to comply with any special conditions of parole. The remaining subsections of the regulation list additional FETs based on the types of crimes for which parole was revoked.

Here, Thomas does not indicate the basis for his parole revocation and the determination of his second FET.

Thomas states that he has attempted to file an administrative appeal to the NJSPB, but the Board has not responded to the appeal.

Plaintiff seeks $500,000 in compensatory and punitive damages. He also seeks immediate release on parole.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court

4

need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103,

5

108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.  <u>SECTION 1983 ACTIONS</u>

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV.  <u>ANALYSIS</u>

The Complaint seeks plaintiff's immediate release on parole as well as money damages based on Thomas' unarticulated claim

6

that his second FET was contrary to state law and due process. This claim is cognizable only in a habeas action after state court remedies have been exhausted.

There is no federal constitutional right to parole; states, however, may create a parole entitlement protected by the Due Process Clause.  See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979); Prevard v. Fauver, 47 F. Supp.2d 539, 545 (D.N.J.), aff'd, 202 F.3d 254 (3d Cir. 1999).

Both federal and state courts have held that the New Jersey parole statute contains language creating an expectation of parole eligibility entitled to some measure of due process protections.  See Williams v. New Jersey State Parole Board, 1992 WL 32329, *2 (D.N.J. Feb. 4, 1992), aff'd, 975 F.2d 1553 (3d Cir. 1992); New Jersey State Parole Board v. Byrne, 93 N.J. 192, 203 (1983).  Judge Lifland of this Court has held that these cases remain good law even after taking into account the rule announced by the Supreme Court in Sandin v. Conner, 515 U.S. 472, 484 (1995) (citation omitted), that liberty interests created by state law "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  See Watson v. DiSabato, 933 F. Supp. 390, 392-93

7

(D.N.J. 1996) (prisoner has liberty interest in parole decisions, including notice of determination, statement by the government, and opportunity for prisoner to submit written response).

The question remains what process is due. The Supreme Court of New Jersey has stated that

> Only a few basic procedures are required to deal with the risks of erroneous or arbitrary determinations in this context. We conclude that the process required is notice of the pendency of the parole disposition, a statement by the objecting judge or prosecutor of the reasons why the punitive aspects of the sentence have not been fulfilled, and the opportunity for the prisoner to respond in writing to that statement of reasons. No hearing, confrontation, or counsel issues are implicated here.

Byrne, 93 N.J. at 211.

However, Judge Thompson of this Court has held that due process does not require that a hearing be held in exact accordance with the time period specified by the applicable New Jersey statutes. See Burgos v. New Jersey State Parole Board, 2000 WL 33722126, *8 (D.N.J. Aug. 7, 2000). While delay for an extended period of time may violate a prisoner's due process rights, "procedural errors are generally cured by holding a new hearing in compliance with due process requirements." Id. at *8-9. See also Johnson v. Paparozzi, 219 F. Supp.2d 635, 642 (D.N.J. 2002).

This is not to say that every allegation of constitutional violations in parole proceedings is the proper subject for an action under § 1983. In a series of cases beginning with Preiser

v. Rodriquez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  411 U.S. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, *i.e.*, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983 (a form of relief not available through a habeas corpus proceeding).  The Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983

> plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted). The Court held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." <u>Id.</u> at 489-90.

Later, in <u>Edwards v. Balisok</u>, 510 U.S. 641 (1997), the Supreme Court applied the lessons of <u>Preiser</u> and <u>Heck</u> to a state prisoner action, seeking compensatory and punitive damages, challenging the constitutionality of procedures used in a prison

10

disciplinary proceeding that resulted in the loss of good-time credits, but not necessarily challenging the result and not seeking the restoration of the good-time credits.  The Court emphasized that such a claim is not cognizable under § 1983 if a favorable outcome would necessarily imply the invalidity of the challenged judgment, which in that case was the disciplinary finding and punishment.  520 U.S. at 646-8.

Here, Thomas disputes his second FET or parole eligibility date.  He does not allege any procedural due process violation concerning the parole eligibility hearing itself.  Nor does he allege any delay in holding such a hearing.  Rather, the Complaint simply challenges the duration of Thomas' imprisonment and seeks an earlier release from prison on parole.[2]  Accordingly, under Preiser, Thomas' sole federal remedy is a writ of habeas corpus after exhaustion of state remedies.

---

[2] Claims alleging a miscalculation of a parole eligibility date are not cognizable in a § 1983 action.  See Benson v. New Jersey State Parole Board, 947 F. Supp. 827 (D.N.J. 1996).  In Benson, petitioner sought habeas and declaratory relief, as well as punitive damages under § 1983, for allegations that he had been denied a timely parole hearing, and that his parole eligibility date had been miscalculated.  Id. at 828.  The court held that a declaratory judgment in Benson's favor would "necessarily entail a determination of Benson's proper initial parole eligibility date," which is, in effect, an attack on the duration of his confinement. Id. at 832.  Since Benson ultimately sought an earlier parole eligibility date, the court ruled that his claims were reviewable by habeas petition only.  See id. (citation omitted).

11

The Complaint confirms that Thomas has not exhausted his state court remedies before proceeding with this action in federal district court.  Thomas alleges that he filed an administrative appeal, but has not received any response.  Therefore, any claim challenging his parole eligibility date will be dismissed without prejudice.  Thomas may bring such a claim by way of a federal habeas petition after he has exhausted his state court remedies.

Moreover, the action for money damages is not cognizable pursuant to Heck and Benson.  Any decision in Thomas' favor would necessarily entail a determination of Thomas' proper second FET, or imply the invalidity of the judgment or findings that resulted in the extended FET.  Therefore, the Complaint challenging the secondary FET will be dismissed in its entirety without prejudice.

### V. CONCLUSION

For the reasons expressed above, the Court will dismiss the Complaint without prejudice for failure to state a claim upon which relief may be granted at this time, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  An appropriate Order follows.

                                              **s/ Jerome B. Simandle**
                                              JEROME B. SIMANDLE
                                              United States District Judge

Dated: **November 26, 2007**